UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Caleene J. Newman,　　　　　　　　　　　　　　　　　Case No. 07-46108
　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　　　　　Debtor.　　　　　　　　　　　　Hon. Phillip J. Shefferly
_____/

## ORDER DENYING EX PARTE EMERGENCY
## MOTION TO SET ASIDE ORDER GRANTING IN REM RELIEF

　　　　This matter is before the Court upon an "Ex-Parte Emergency Motion to Set Aside Order" granting in rem relief from the automatic stay with respect to real property located at 1094 Park Place Court, Bloomfield Township, Michigan 48302 ("Property"). For the reasons explained in this order, the Court denies the ex parte emergency motion.

　　　　On March 29, 2007, Caleene J. Newman filed this Chapter 7 case. The Debtor listed the Property as her address. On March 30, 2007, Northern Trust Bank filed a motion for in rem relief with respect to the Property under § 362(d)(4) of the Bankruptcy Code and filed a separate ex parte motion to expedite a hearing with respect to its motion for in rem relief. On April 16, 2007, the Court entered an order scheduling a hearing on Northern Trust Bank's motion for in rem relief for April 23, 2007. In the meantime, the Debtor failed to file numerous required documents in this Chapter 7 case, including schedules of assets and liabilities, statement of financial affairs, credit counseling certificate and Chapter 7 means test form. As a result of the Debtor's failure to file documents, the Court entered an order on April 18, 2007 dismissing this case. Although the case was dismissed, the Court continued to retain jurisdiction over the motion for in rem relief which had been filed prior to the order dismissing the case.

　　　　On April 23, 2007, the Court held a hearing on Northern Trust Bank's motion for in rem relief. Northern Trust Bank appeared through its counsel. The Debtor did not appear. Nor did the Debtor file any response to the motion for in rem relief that had been filed and served upon the Debtor on March 30, 2007. Based upon the unopposed allegations in the motion for in rem relief, the documents attached to the motion for in rem relief, and the unopposed representations of counsel for North Trust Bank made at the hearing, the Court found that the Debtor's interest in the Property was foreclosed on July 18, 2006 and the redemption period from such foreclosure sale expired on January 18, 2007, prior to the filing of Debtor's bankruptcy case. Notwithstanding such facts, the motion for in rem relief alleged that the Debtor, in an effort to prevent Northern Trust Bank from evicting the Debtor from the Property, filed a lawsuit in the United States District Court for the Eastern District of Michigan, which was subsequently dismissed, and executed and attempted to record a document entitled "Land Patent". Finally, the motion for in rem relief alleged that the Debtor's bankruptcy case was filed on March 29, 2007 while the sheriff for Oakland County was in

the process of removing the Debtor and the Debtor's personal property from the Property. At the conclusion of the hearing, the Court held that in rem relief under § 362(d)(4) of the Bankruptcy Code was warranted because the filing of the bankruptcy case, the Debtor's failure to file many required documents in the bankruptcy case, the lawsuit in the United States District Court for the Eastern District of Michigan, and the "Land Patent," were all part of a scheme to delay, hinder and defraud Northern Trust Bank, and that the scheme involved an attempt to transfer an interest in the Property through the "Land Patent" without the consent of Northern Bank Trust. Because the Debtor did not respond to the motion for in rem relief or attend the hearing, the Court concluded that all of the allegations in the motion for in rem relief were admitted and that Northern Trust Bank was entitled to in rem relief under § 362(d)(4). The Court granted Northern Trust Bank's motion and entered an order granting the motion on April 24, 2007. On May 11, 2007, this bankruptcy case was closed.

On June 11, 2007, the Court received an "Ex-Parte Emergency Motion to Set Aside Order Signed and Dated April 24, 2007 for In Rem Relief" for the Property. This ex parte motion was not filed by the Debtor, but instead was filed by Cary Wood Newman, and alleged that Cary Wood Newman is the husband of the Debtor. The motion recites that Cary Wood Newman and his spouse, Caleene Newman, have now filed another bankruptcy case, number 07-48782, and requests that the Property "be immediately included in the automatic stay" of that case.

The Court concludes that the ex parte motion must be denied. First, the motion is procedurally improper. This bankruptcy case was closed on May 11, 2007 and no motion to reopen it has been filed under § 350 of the Bankruptcy Code. Second, to the extent that the ex parte motion requests reconsideration, it is untimely under Local Bankruptcy Rule 9024-1. That rule provides that " a motion to alter or amend an order or judgment and a motion for rehearing or reconsideration shall be served not later than ten days after entry of such order or judgment." In this case, the order granting in rem relief was entered on April 24, 2007 and the ex parte emergency motion was not filed until June 11, 2007. Third, § 362(d)(4) permits Cary Wood Newman to seek relief from the order because he is a debtor in a subsequent case, but requires that such relief be sought in the subsequent case. Fourth, even if the expedited motion was not procedurally improper, it must be denied because it lacks substantive merit. The ex parte motion alleges that Cary Wood Newman was incarcerated from March 1, 2007 to April 17, 2007 and that he did not know that his wife, Caleene Newman, was the Debtor in this bankruptcy case. The ex parte emergency motion does not explain why the Debtor did not oppose the motion for in rem relief nor why the Debtor failed to attend the hearing on the motion for in rem relief. More importantly, the ex parte emergency motion does not allege that any of the facts set forth in Northern Trust Bank's motion for in rem relief are untrue. The ex parte emergency motion does not contest the fact that Northern Trust Bank conducted a foreclosure sale on the Property on July 18, 2006 and that the redemption period from that foreclosure sale expired on January 18, 2007. The ex parte emergency motion does not set forth any facts that show that either the Debtor or Cary Wood Newman have any interest in the Property of any nature whatsoever.

Even if Cary Wood Newman had filed his ex parte motion in his subsequent case, number 07-48782, the motion fails to meet the standard set forth in § 362(d)(4). That section of the Bankruptcy Code expressly permits a debtor in a subsequent case to seek relief from an in rem order "based upon changed circumstances or for good cause shown." Cary Wood Newman's ex parte emergency

motion does not allege facts that constitute either changed circumstances or good cause.

Accordingly,

IT IS HEREBY ORDERED that the ex parte emergency motion to set aside the order granting in rem relief on April 24, 2007 is denied.

**Signed on June 13, 2007**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**